EDWARD PHILLIPS V. JUDSON FREYER, DEFENDANT, AND
JAMES D. CHAMPION AND MAJOR D. HAYWARD,
OWNERS OF ATTACHED PROPERTY.

*Log-lien law—Common-law lien—Waiver—Contracts.*

1. The language of section 1, Act No. 229, Laws of 1887, giving any person who performs any labor or services in manufacturing lumber a lien thereon for the amount due for such labor or services, is free from ambiguity, and gives such lien to the owner of a saw-mill who manufactures lumber under a sawing contract; and the fact that such mill-owner has a lien at common law is of no consequence in the face of this provision.

2. The common-law lien of a mill owner upon lumber manufactured under a sawing contract is waived by the commencement of an attachment suit to enforce the statutory lien given him by Act No. 229, Laws of 1887.

3. *Kieldsen v. Wilson*, 77 Mich. 45, in so far as it holds that Act No. 229, Laws of 1887, does not apply to the case of a contractor who performs no *personal* labor under the contract, is overruled, and the Court adheres to the rule laid down in *Shaw v. Bradley*, 59 Mich. 199.

Error to Newaygo. (Palmer, J.) Argued April 11, 1890. Decided April 18, 1890.

Lumber-lien suit. Defendant lumber-owners bring error. Affirmed. The facts are stated in the opinion

*John Harwood,* for appellants, contended:

1. Such statutes as the one under which the plaintiff claims the right to recover in this case must be strictly construed, and cannot be held to include persons not clearly within the statutory language and intent, and the evils sought to be remedied; citing *Clark v. Adams*, 33 Mich. 159; *Woodruff v. Ives*, 34 Id. 320.

2. Plaintiff first elected to maintain his common-law lien, and to that end retained possession of the lumber, and gave notice of his intention to retain *that* lien. He must therefore fail in his

attempt to enforce the statutory lien, even if such right once existed; citing *Thompson v. Howard,* 31 Mich. 309; *Detroit v. Paving Co.,* 38 Id. 358; *Nield v. Burton,* 49 Id. 53.

3. But the statute was designed solely for the benefit of laborers who had not the sole possession of the property upon which they had expended their labor, and who therefore had no remedy against the property until given them by the statute which was not designed to protect mill-owners and manufacturers of lumber, who had the right to retain possession of the lumber until their claims were paid; citing 2 Kent, Com. 635.

*A. G. Day,* for plaintiff, contended:

1. Even if plaintiff had a common-law lien, he could only enforce it by manual possession, or by suit against trespassers. He could not sell the property for the purpose of getting his pay.

2. But plaintiff was a contractor to saw lumber, at specified rates, and entitled to a lien under Act No. 229, Laws of 1887; citing *Shaw v. Bradley,* 59 Mich. 199. Having paid the labor claims, he ought to be entitled to the statutory lien without a formal assignment of such claims.

GRANT, J. Plaintiff owned a saw-mill, and carried on the business of manufacturing lumber for other parties. Defendant Freyer contracted with the plaintiff to saw a certain amount of logs for him at an agreed price per 1,000 feet. Plaintiff manufactured the logs into lumber, and piled it in his own yard. Freyer sold the lumber to defendants Champion and Hayward while it was in plaintiff's possession, in his mill-yard. Plaintiff was not paid for sawing the logs, and thereupon filed a statement of lien under Act No. 229, Laws of 1887. He commenced an attachment suit in accordance with the provisions of this act, attaching a portion of the lumber to secure his lien. The defendants were all duly served with process. They appeared, gave a bond to release the property, and the case was tried upon the plea of the general issue.

The principal contention of defendants is that Act No. 229 does not apply to manufacturers who retain posses-

sion of the property upon which they perform labor, and who have a common-law lien. The statute reads as follows:

"Any person or persons who perform any labor or services in manufacturing lumber    *    *    *    shall have a lien thereon for the amount due for such labor or services."

This language is entirely free from ambiguity. It expressly gives a lien for manufacturing. There is nothing in the statute showing any intention of the Legislature to limit it to laborers who were not entitled to retain possession, and who had no lien until one was created by statute. The fact that plaintiff had a lien at the common law is of no consequence in the face of this plain provision. It is entirely competent for the Legislature to provide an additional remedy to one already existing.

We are aware that there is a conflict between the cases of *Shaw v. Bradley,* 59 Mich. 199 (26 N. W. Rep. 331); and *Kieldsen v. Wilson,* 77 Id. 45 (43 N. W. Rep. 1054). But we adhere to the rule laid down in *Shaw v. Bradley,* and overrule *Kieldsen v. Wilson.*

In his statement of lien, plaintiff uses this language:

"But I do not release my lien for said saw bill, which I have by virtue of my possession of said property, by filing this statement of lien."

Defendants contend that by this he waived his statutory lien. It might well be urged that he waived his common-law lien by filing this statement under the statute; but he cannot be held to have waived his statutory lien, which he was then taking steps to enforce. When he commenced his suit by attachment, he clearly waived his common-law lien. He then gave up his possession, and voluntarily placed the property in the possession of the sheriff. Defendants then obtained the right, which they

had not before possessed, to gain possession of the property by giving the statutory bond.

Judgment affirmed, with costs.

The other Justices concurred.